26

## TOOLE v. UNITED STATES.
### No. 2481.

District Court, E. D. South Carolina.
Sept. 4, 1934.

Hagood, Rivers & Young and H. L. Erckmann, all of Charleston, S. C., for plaintiff.

S. H. Edmunds, Jr., Asst. Dist. Atty., of Charleston, S. C., and Robert E. Wilson, Ins. Atty., Department of Justice, of Columbia, S. C.

MYERS, District Judge.

This action commenced in May, 1931, has been submitted to this court for adjudication, upon an agreed statement of facts; a jury trial having been specifically waived.

On October 7, 1918, William Mack, colored, a resident of Aiken county, S. C., died in service, leaving war risk insurance issued in the sum of $9,851, payable in 240 installments of $56.64 each. The designated beneficiary of this insurance was his widow, Lillie Mae Mack.

The insured left no children, and his only distributees under the statute of distributions of this state were his widow, Lillie Mae Mack, his mother, Julia Mack, and a brother, Richard Mack; the widow being entitled to one-half and the mother and brother each one-fourth. Payments were made under this insurance to the widow until November 30, 1923, amounting to $3,438.74.

On November 30, 1923, the defendant through its agent, the Veterans' Bureau, determined that the veteran's widow, Lillie Mae Mack, because of her open, notorious, illicit cohabitation, had forfeited her rights as claimant under this contract as of December 7, 1918, and declared her rights terminated and forfeited as of December 7, 1918, and demanded of her a refund of all payments made subsequent to that date. Suit was then commenced on this insurance contract by Lillie Mae Mack against United States of America in the United States District Court for the Southern District of Georgia.

There the government contended that the widow had forfeited her right to the insurance under paragraph 5, § 22, Act Oct. 6, 1917 (40 Stat. 400), reading as follows: "The open and notorious illicit cohabitation of a widow who is a claimant shall operate to terminate her right to compensation or insurance from the commencement of such cohabitation."

The case was tried before a jury in April, 1928, and was decided against the plaintiff, and, on appeal to the Circuit Court of Appeals, the decision of the lower court was affirmed. See Mack v. United States, 28 F.(2d) page 602.

Under the decree in this case the widow was decreed to have forfeited her rights as claimant under this policy. The question before this court is, To whom was the insurance payable under the terms of the contract?

At the date of the death of the insured on October 7, 1918, or the date of the "commencement of such cohabitation," viz., December 7, 1918, there seems to have been no provision made by Congress to meet this state of facts.

Counsel for defendant rely on the Act of December 24, 1919, Public Act No. 104 (41 Stat. 371), modifying the War Risk Insurance Act. Section 15 (41 Stat. 376) reads as follows: "That if any person to whom such yearly renewable term insurance has been awarded dies, or his rights are otherwise ter-

minated after the death of the insured, but before all of the two hundred and forty monthly installments have been paid, then the monthly installments payable and applicable shall be payable to such person or persons within the permitted class of beneficiaries as would, under the laws of the State of residence of the insured, be entitled to his personal property in case of intestacy; and if the permitted class of beneficiaries be exhausted before all of the two hundred and forty monthly installments have been paid, then there shall be paid to the estate of the last surviving person within the permitted class the remaining unpaid monthly installments."

This act is not made retroactive. Counsel for plaintiff insist that the case is governed by the act of 1924, § 303, as amended (U. S. C., title 38, § 514 [38 USCA § 514]) : "When any person to whom such insurance was awarded prior to such date (March 4, 1925) dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person. * * * This section shall be deemed to be in effect as of October 6, 1917."

█ Even if the contention of defendant is correct, the question arises, Does the forfeiture of the right of a widow as "claimant" under this insurance prevent her from taking her distributive share under the statute of distributions? The statute providing the forfeiture is a harsh one, penal in its nature, and warrants strict construction. In fact, under the act of 1924, this provision was omitted, showing that the government did not intend to enforce this forfeiture any further.

In my opinion, the forfeiture as claimant does not preclude the widow from taking her share as distributee.

It might well be argued, also, that under the Act of December 24, 1919, the insurance was payable to the administrator of the deceased, as under the law of South Carolina the administrator is solely entitled to receive personalty of an intestate, to be distributed by him among the statutory distributees. I prefer to rest my opinion upon the verbiage of the act of 1924, herein quoted, which requires that there shall be paid to the "estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person."

This was evidently the view of the United States attorney in the Mack Case. There was exhibited to the court, and read at the hearing, an excerpt from the printed argument of the United States attorney before the Circuit Court of Appeals, which reads as follows: "The suggestion by plaintiff to the effect that the Government intends to confiscate the insurance due the beneficiary of the deceased soldier is hardly worthy of notice. The Government is not engaged in the business of defrauding its citizens. It is the purpose of the Government, as soon as this matter is terminated, to have an administrator appointed upon the estate of the deceased soldier, and see to it that his next of kin receive the benefit of his insurance. The Government's effort now is to prevent a disreputable woman from parading the streets under the name of the deceased soldier, while enjoying the benefits of his heroism and yet wearing the 'scarlet letter' on her forehead."

█ The administrator has been appointed and brings this suit. At the hearing, the defendant shows that the government has paid to the mother and brother a substantial amount of the policy—more than they are entitled to under the ruling of this court. It also appears that payments were made after the filing of this suit.

Notwithstanding the fact that in the opinion of this court the administrator was the proper party to receive payment of this insurance, it would be manifestly unjust to require the government to pay the whole policy to the administrator. Due credit should be allowed for the payments made to the ultimate beneficiaries, namely, the widow (who is entitled to one-half) and the brother and mother (who are entitled to one-fourth each), provided such payments have not exceeded the share or shares which they would have been respectively entitled to, under a proper distribution.

As the mother and brother have been paid more than their shares, it follows that one-half the value of the policy, properly calculated, less $3,562.05, already paid to the widow, should be paid to the plaintiff administrator, by him to be disbursed to the widow, Lillie Mae Mack, after deducting the cost of administration.

It is therefore decreed:

First. That the plaintiff administrator is entitled to recover from defendant one-half of the value of the insurance in question, properly calculated in accordance with the regulations of the Veterans' Administration, giving due credit for the sum of $3,562.05 heretofore paid to Lillie Mae Mack.

Second. That plaintiff's attorneys receive out of said sum a fee equal to 10 per cent. thereof.

Third. That the said administrator be directed to pay the amount received by him under this order, after deducting his commissions and expenses of administration, to the widow, Lillie Mae Mack, as beneficiary under the statute of distribution of South Carolina.

Fourth. That within sixty days from this date the defendant file with this court a correct and accurate statement of the amount due plaintiff under the terms of this decree, and that thereafter plaintiff's attorneys have leave to apply to this court for a further order in this case.